UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAZALEE SIRCUS,

                 Plaintiff,                 Case No. 16CV6511

   -against-

CI APPLE LLC,                                 **COMPLAINT - JURY TRIAL DEMANDED**

                 Defendant.

---

Plaintiff, Jazalee Sircus (hereafter referred to as "Plaintiff"), by her attorney, Donald J. Weiss, as and for the Complaint in this action against defendant CI APPLE LLC (the "Restaurant") hereby alleges as follows:

### JURISDICTION

1. This is an action brought under 42 U.S.C. §§ 12131, 12132, and 12148 of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, against the Restaurant, for its failure to allow access to persons with disabilities who utilize service animals. This Court has pendent jurisdiction of Plaintiff's New York State and New York City civil rights claims and common law claims for infliction of emotional distress.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Friday's' acts of discrimination alleged herein occurred in this District and the Restaurant's place of public accommodation that is the subject of this action is located in this District.

### PARTIES

3. Plaintiff is a citizen of the United States and a resident of this District. As described below, Plaintiff is a person with disabilities within the meaning of the Americans with Disabilities Act and the New York State Human Rights Law and New York City Human Rights Code.

4. The Restaurant is a domestic corporation created and existing under the laws of the State of New York.

**FACTS**

5. At all times relevant to this action, Plaintiff uses a wheelchair for mobility due to the effects of Cerebral Palsy. She also suffers from depression and anxiety and uses a certified service dog to help cope with her anxiety issues.

6. Plaintiff's service animal, a 5 ½ pound Maltese named Bella, at all times sits in Plaintiff's lap.

7. When Plaintiff experiences an anxiety attack, which is signaled by Plaintiff shaking or stiffening, Bella is trained to relieve her anxiety by licking Plaintiff and rubbing against her.

8. The Restaurant owns and operates a public accommodation which serves food and beverages known as "Applebee's" at the premises known and designated as 1217 Surf Avenue, Brooklyn, New York (hereinafter, the "Offending Applebees").

9. On September 17, 2016, Plaintiff entered the Offending Applebees with her service dog, which ways approximately 5 pounds and sits in Plaintiff's lap, and her friends, Luis and Colleen.

10. When Plaintiff entered the Offending Applebees, she showed her service animal license to the hostess, who proceeded to direct Plaintiff to the waiting area.

11. While in the waiting area, Plaintiff was approached by an individual who identified himself as O'Neal Smith, a manager of the Offending Applebees (hereinafter, the "Manager"), and told Plaintiff that no dogs were allowed, no exceptions.

12. When Plaintiff responded that it was her authorized service animal, the Manager replied that it did not matter.

13. Plaintiff told the Manager that it was illegal to prevent her from bringing her service animal into the Offending Applebees, and the Manager responded "I have my own rules."

14. Plaintiff then notified the Manager that she was calling the police, which she proceeded to do.

15. Two officers from the New York City Police Department arrived at the Offending Applebees approximately 45 minutes later, during which time people were staring at the Plaintiff and her party, and members of the wait staff would stare at them and start whispering to each other.

16. After the police arrived and spoke with the Manager, the police told Plaintiff that the Manager had agreed to let her in with her service dog "this one time".

17. While Plaintiff agreed to be seated, she was so distraught and upset over the event, and all the attention drawn to her, both as a result of her argument with the Manager and the scene created by the arrival of the police, that not only did she eat only a portion of her food, she vomited what she did eat in the Offending Applebees' bathroom.

## FIRST CAUSE OF ACTION

**Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

18. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

19. The Plaintiff suffers from a disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. § 12102, in that she suffers from "a physical or mental impairment that substantially limits one or more major life activities of such individual."

20. 42 U.S.C. § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

21. As set forth above, Plaintiff was discriminated against on the basis of her disability in that she was denied the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations" provided by and owned by the Restaurant, the Offending Applebees being a "place of public accommodation."

22. Additionally, the Restaurant failed to adopt policies or procedures to effectively train its employees on how to deal with disabled individuals such as the Plaintiff who use a service animal.

23. Accordingly, Plaintiff seeks a permanent injunction compelling the Restaurant to make its facilities readily accessible to, and usable by, individuals with disabilities to the extent required by 42 USC §§ 12181 et seq., including requiring the admissibility of all service animals.

24. Plaintiff further seeks an injunction compelling defendant to sufficiently train all of its employees in accordance with the Americans with Disabilities Act.

25. Plaintiff further demands reimbursement of all reasonable costs and legal fees incurred in connection with the above-described events and the instant action in accordance with the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

26. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

27. The Restaurant intended to cause, or recklessly disregarded the substantial probability of causing, severe emotional distress to the Plaintiff.

28. The actions of the Restaurant set forth above were extreme and outrageous.

29. Accordingly, Plaintiff seeks compensatory damages in an amount to be determined at trial.

30. Additionally, plaintiff seeks punitive damages in an amount to be determined at trial but in no event less than $25,000.

## THIRD CAUSE OF ACTION

### Violation of New York Executive Law Section 296(2)(a)

31. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

32. The discriminatory acts as set forth in detail above were in violation of New York Executive Law § 296.

33. At all times hereinafter mentioned, Plaintiff's conduct and speech at the Offending Applebees was neither abusive nor offensive, nor was Plaintiff engaged in any activity which tended to cause a breach of the peace. There was no possible reason for excluding Plaintiff from said public accommodation nor for treating Plaintiff differently from all other patrons except for the fact that Plaintiff is disabled and requires the assistance of a service animal.

34. By reason of the foregoing, Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### Violation of New York City Human Rights Law§ 8-107(4)

35. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

36. The discriminatory acts as set forth above were in violation of the New York City Human Rights Law§ 8-107(4).

37. At all times hereinafter mentioned, Plaintiff's conduct and speech at the Offending Applebees was neither abusive nor offensive, nor was Plaintiff engaged in any activity which tended to cause a breach of the peace. There was no possible reason for excluding Plaintiff from said public accommodation nor for treating Plaintiff differently from all other patrons except for the fact that Plaintiff is disabled and requires the assistance of a service animal.

38. By reason of the foregoing, Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial.

39. Plaintiff further demands reimbursement of all reasonable costs and legal fees incurred in connection with the above-described events and the instant action in accordance with the New York City Human Rights Law.

WHEREFORE, Plaintiff demands judgment against the Restaurant as follows:

A. On the First Cause of Action, a permanent injunction compelling defendants to (i) make their facilities readily accessible to, and usable by, individuals with disabilities to the extent required by 42 USC §§ 12181 et seq., including requiring the admissibility of all service

animals, without harassment and (ii) sufficiently train all of its employees in accordance with the Americans with Disabilities Act, together with reimbursement of all reasonable costs and legal fees incurred in connection with the above-described events and the instant action;

  B. on the Second Cause of Action, compensatory damages in an amount to be determined at trial, and punitive damages in an amount to be determined at trial but in no event less than $25,000.00;

  C. on the Third Cause of Action, compensatory damages in an amount to be determined at trial;

  D. on the Fourth Cause of Action, compensatory damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial but in no event less than $25,000.00, and reimbursement of all reasonable costs and legal fees incurred in connection with the above- described events and the instant action;

  E. interest, costs and legal fees of this action; and

  F. for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: November 22, 2016

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440